EXHIBIT 1

3/17/2026 9:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112546217
By: Talitha McCarty
Filed: 3/17/2026 9:54 PM

## 2026-18050 / Court: 269

CAUSE NO. _____

| | | |
|---|---|---|
| JANE DOE, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | HARRIS COUNTY |
| *v.* | § | |
| | § | |
| JAMES E. DAVISON SR. and | § | |
| GENESIS ENERGY, L.P. | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Jane Doe files this Original Petition against Defendants James E. Davison Sr. and Genesis Energy, L.P. and, in support, she respectfully shows this Honorable Court the following:

### I. SUMMARY OF THE CASE

Defendant James Davison is the classic extremely rich and connected guy who believes he can do what he wants, to whom he wants, whenever he wants. He ascribes to the "grab her by the pussy" school of thought. This case, brought by one of his victims, seeks to stop his outrageous and unlawful behavior.

Throughout history, unscrupulous men in power have attempted to improperly use that power to coerce those with less power to get what they want, in this case a sexual relationship. In this matter, the prime perpetrator attempted to use his wealth and status to engage in a sexual relationship with a younger woman. After refusing his repeated and multiple advances, multiple sexual assaults occurred. Now threats are being made.

Davison is a central figure in Louisiana's business, civic, and educational landscape, wielding influence through both ownership and strategic board positions. He is a self-described friend of President Trump and trades off that relationship. As a major equity holder and director

1

of Genesis, president of Sunshine Oil and Storage, Inc., and sole owner of Ruston Aviation, Inc., he controls key energy and transportation assets. Additionally, Davison developed Ruston's Squire Creek Country Club, an exclusive social hub for the local "elite." At Louisiana Tech University, Davison's impact is institutionalized through the $20 million Davison Athletics Complex, his advisory roles with the university and its College of Business, and his Hall of Fame recognition. In short, Davison's combined wealth, leadership, and strategic influence make him a pillar of power and prestige in Louisiana.

Davison serves on Defendant Genesis Energy's board. He is a major owner of Genesis. The acts complained of were done in that capacity, and also in his personal capacity. Many of the promises Davison made to lure Doe from Texas to meetings included business dealings with Genesis through his position as a major investor and board member. This case is brought against Davison in both his individual and corporate capacity.

Ms. Doe and Davison shared a long-term professional relationship beginning in 2008, which Ms. Doe initially viewed as a mentorship. However, beginning in 2025, Davison began using his immense influence and his seat on the Board of Directors of Genesis Energy to transform this professional association into a predatory cycle of quid pro quo abuse.

Davison repeatedly utilized the promise of business deals and professional opportunities regarding oil and gas construction, extraction, and financial investments, including those involving Genesis and other entities that Davison controlled and/or acted through, to schedule meetings that were ostensibly professional but served as venues for sexual assaults.

As an example, during a business lunch at the Shreveport Club intended to advance the interests of Genesis Energy, Davison grabbed Ms. Doe's face and forced a hard kiss on her mouth while simultaneously grabbing her breast. In a subsequent meeting meant for the delivery of

Certified Document Number: 125665540 - Page 2 of 14

investment checks, Davison entered Ms. Doe's vehicle and attempted to forcibly move her face to his mouth for a kiss. This pattern continued during a meeting regarding professional funding, where Davison attempted to pull open Ms. Doe's tied and buttoned jacket, forcing her to physically defend herself. On two further occasions involving the delivery of promised business funds and financial commitments, Davison committed sexual battery by deliberately rubbing his hand across Ms. Doe's breast.

Alongside these physical assaults, Davison engaged in relentless textual harassment, by sending repeated, unwanted, and sexually graphic texts. He often timed his graphic messages to coincide with professional meetings. This misconduct is supported by a discreet recording in which Davison admits to his repeated assaults and inappropriate behavior while remaining essentially unapologetic. Beyond the immediate trauma, Davison's actions have caused profound devastation to Ms. Doe's life; she suffers from severe anxiety and nightmares while facing a systematic dismantling of her reputation due to Davison slandering her as his "girlfriend" within her hometown.

After being confronted, Davison began a smear campaign and actively tried to damage Ms. Doe's reputation, credibility, and professional relationship by spreading that Ms. Doe was his "girlfriend" within her hometown. Davison has now engaged a team who claim that the crude and sexual text messages sent by Davison to Doe were made up (they were not) and that instead it was Doe who took advantage of Davison (it was not). Davison himself deleted many of the offending text messages, and then attempted to erase them permanently.[1] Davison's team now also has attacked the reputation of Doe, claiming she and her husband are desperate for money and that the

---

[1] One of his attorneys even had the audacity to allege that Ms. Doe had engaged in wire fraud "across state lines." It is ironic that it is Davison and his team who have been a party to deleting key evidence and then pretending that such does not exist. More claims may result from this conduct as this litigation proceeds.

Certified Document Number: 125665540 - Page 3 of 14

allegations are completely manufactured to "shake down" a vulnerable senior citizen. Davison's team has repeatedly engaged in classic gaslighting behavior, all the while staring at concrete evidence of Davison's multiple assaults and targeting of Ms. Doe. Davison's new fall back, is that, even though he serves on the Board of Directors of Genesis, a public company, he is not mentally competent and, thus, to the extent he engaged in the egregious conduct alleged, he should not be held accountable. This is yet another attempt at Davison to avoid accountability.

Davison is the classic hypocrite. He professes the gospel of Jesus, while at the same time attempting to sexually assault a woman thirty years his junior. He is the classic old rich guy who thinks that because he is rich, and because he knows certain people, he can assault and grab whomever he wants without any consequences. He is dead wrong. Jane Doe brings this case seeking damages that exceed $50 million dollars.

## II. PARTIES

**Plaintiff Jane Doe** at all times relevant to this lawsuit, resided in Tyler, Texas.

**Defendant James E. Davison Sr.** is an individual residing in Louisiana. Davison frequently makes trips to Houston, Texas for business related to Genesis. He is currently serving as a Director on the Genesis Energy L.P. Board of Directors. He can be served at 222 Loblolly Ln., Choudrant, LA 71227.

**Defendant Genesis Energy, L.P.** is a foreign limited partnership operating in the State of Texas. Genesis's headquarters is located at 919 Milam, Suite 2100, Houston, TX 77002. Further, members of the limited partnership reside in Harris County, Texas. Genesis may be served through its registered agent, Karen N. Pape at 919 Milam St, Ste 2100, Houston, TX, 77002.

## III. DISCOVERY CONTROL PLAN

Discovery in this matter will be conducted pursuant to Level 2.

4

Certified Document Number: 125665540 - Page 4 of 14

## IV. CLAIM FOR RELIEF

The damages sought are within the jurisdictional limits of this court. Plaintiff seeks monetary relief in excess of $1,000,000 including damages of any kind, penalty, costs, expenses, punitive damages, pre-judgment interest, and attorney's fees.

## V. JURISDICTION AND VENUE

Venue is proper in Harris County because at least one defendant resides in Harris County, Texas.

This Court has personal jurisdiction over Defendants because the causes of action herein arose from Defendants' specific and systematic purposeful contacts with this forum state related to business dealings.

Defendant Genesis's headquarters is in Houston, Texas. Defendant Davison serves on the Genesis board and is a major investor. Davison routinely corresponded with and lured Plaintiff, a Texas resident, to various meetings where he assaulted her. Davison's targeting of Plaintiff occurred while she was in Texas. Davison also travels to Texas frequently to fulfill his duties as a Genesis board member. Plaintiff's claims arise from and relate to Defendant Davison's contacts with Texas. This Court has specific and general jurisdiction over both Defendants.

This Court has subject matter jurisdiction over this cause of action because it involves an amount in excess of the minimum jurisdictional limits of this Court. This case is not removable pursuant to 28 U.S.C. 1331 or rule 1332.

## VL FACTUAL BACKGROUND

Ms. Doe, a Texan and professional Landman, first met James Davison in 2008 and eventually partnered with him on a mineral lease project in 2010. For over a decade, they maintained a professional relationship involving high-level oil and gas deals. Through their professional dealings, Ms. Doe viewed Davison as a fatherly-mentor figure. Davison utilized his

Certified Document Number: 125665540 - Page 5 of 14

public persona as a "good Christian man" and a pillar of the business community to cultivate significant trust with Ms. Doe and her family. Davison and Plaintiff routinely worked on deals in Texas and he traveled to Texas for such deals, negotiations, and meetings.

However, beginning in 2025, Davison began leveraging his wealth and professional influence, specifically his position as a director of Genesis Energy, to transition this mentorship into a predatory cycle of attempted quid pro quo sexual abuse in which Ms. Doe was the victim.

On April 2, 2025, Ms. Doe was invited from Texas to attend a business lunch with Davison at the Shreveport Club to discuss oil and gas construction. Davison attended this meeting on behalf of himself and as a director of Genesis, seemingly acting to advance the interests of that company. As they were leaving, Davison committed the first physical assault by grabbing Ms. Doe's face, forcing a hard kiss on her mouth, and simultaneously grabbing her breast.

On April 17, 2025, Davison requested another meeting with Plaintiff while she was in Texas; the purpose of which was to ostensibly deliver checks for a project investment. During this encounter, Davison used the value of Genesis Energy's involvement as leverage to secure time with Ms. Doe, during which he entered her vehicle and attempted to forcibly kiss her.

Davison's established pattern involved dangling and luring professional opportunities or promising the involvement of Genesis Energy to secure meetings where he could target Ms. Doe. By May 2025, the harassment escalated to include graphic text messages and further physical aggression. Before a lunch meeting on May 8, 2025, Davison sent a text message describing Ms. Doe's anatomy in a highly derogatory and vulgar manner. Following the meal, while in his car discussing promised funds, Davison attempted to pull open her jean jacket, forcing Ms. Doe to physically defend herself by slapping his hand away.

6



The physical abuse continued through the summer of 2025. On June 13, 2025, while handing Ms. Doe a box of peaches and discussing promised money, Davison rubbed his hand on her left breast. A similar incident occurred on August 5, 2025, when Davison used a greeting hug as an opportunity to again rub his hand across her left breast. Throughout this period, Davison used text messages to relentlessly sexualize Ms. Doe, demanding she wear clothing to professional meetings that would perk him up. Davison would continually harass Ms. Doe via text messages.



Certified Document Number: 125665540 - Page 7 of 14

7

Davison's text messages became increasingly invasive, including comments about the appearance of Ms. Doe. When Ms. Doe confronted Davison and demanded that the inappropriate messages stop, he refused to respect her boundaries. Instead, Davison issued a professional ultimatum, stating he no longer wished to discuss business unless she was ready to continue their professional relationship in a sexual manner.

When Ms. Doe finally confronted Davison and demanded that the inappropriate messages stop, he refused to respect her boundaries. Instead, Davison issued a professional ultimatum to Plaintiff in Texas, stating he no longer wished to discuss business unless she was ready to continue their professional relationship in a sexual manner.

This conduct demonstrated Davison's intent to utilize his professional status at Genesis as a tool for sexual exploitation rather than legitimate business.

## VII. CAUSES OF ACTION

### A. CIVIL ASSAULT: DAVISON

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

Defendant Davison committed civil assault on Plaintiff throughout 2025, as pleaded above. Specifically, Davison intentionally used physical contact with Plaintiff when he knew, or should have reasonably known, that Plaintiff would regard such contact as offensive. This contact included an incident on April 2, 2025, where Davison grabbed Plaintiff's face and forced her to kiss him while simultaneously grabbing her breast. On May 8, 2025, Davison further assaulted Plaintiff by attempting to pull open her tied and buttoned jean jacket, forcing her to physically defend herself by slapping his hand away. Indeed, Plaintiff repeatedly attempted to de-escalate these interactions and maintain professional boundaries, which Davison consistently ignored. Further, on or about June 13, 2025, during a meeting to exchange business funds and a box of peaches, Davison deliberately

Certified Document Number: 125665540 - Page 8 of 14

8

rubbed his hand on Plaintiff's left breast. Again, on August 5, 2025, Davison used a greeting hug as a pretext to once more rub his hand across her breast.

Throughout this period, Davison leveraged his financial power and professional influence to demand sexual favors in exchange for business funding, eventually issuing an ultimatum that she should not call him until she was "ready to have some fun". As a proximate result of the assaults and relentless harassment, Plaintiff has suffered damages.

Plaintiff's harm arises as a result of conduct that violates several sections of the Texas Penal Code, including:

    (1)  Section 22.01(a)(3), Penal Code (assault);

    (2)  Section 22.012, Penal Code (indecent assault); and

    (3)  Section 42.07, Penal Code (harassment).

Thus, in addition to actual damages, Plaintiff seeks punitive damages, and such damages are not subject to capping.

## B. NEGLIGENCE AND GROSS NEGLIGENCE: DAVISON AND GENESIS

Plaintiff hereby incorporates by reference the paragraphs above as if fully set forth herein.

Plaintiff firmly believes and has pleaded that Defendants Davison and Genesis's conduct as described was intentional. If it is found otherwise, in the alternative, Plaintiff alleges that Davison's conduct, while being a Director of Genesis and during the scope of his Directorship, was unreasonable and thus negligent and grossly negligent. Defendant Davison, as an agent and Director of Genesis, owed Plaintiff the duty of reasonable care.

Further, in addition to being vicariously liable for Davison's conduct, Defendant Genesis is liable for its own actions and inactions. Defendant Genesis had a duty to Plaintiff and breached that duty. The negligence of Defendant Genesis was a proximate cause of Plaintiff's injuries.

9

Certified Document Number: 125665540 - Page 9 of 14

Defendants breached their duty in at least the following ways:

a. Allowing Davison to assume and maintain a position of power, influence, and control that he would wield over individuals such as Plaintiff despite clear risks associated with his behavior, and knowledge of his prior behavior and complaints;

b. Failing to adopt, enforce, or monitor policies designed to prevent harassment, retaliation, and abuse of authority by senior leadership;

c. Failing to investigate Davison's conduct toward Plaintiff despite clear warning signs;

d. Allowing Genesis's resources, influence, and authority to be used by Davison for personal sexual coercion;

e. Failing to protect Plaintiff from foreseeable harm arising from Davison's misuse of his executive position;

f. Failing to take corrective action once Davison's conduct became known;

g. Creating an environment in which Davison was permitted, or even enabled, to use his position to exploit subordinate professionals;

h. Failing to prevent Davison from assaulting and harassing Plaintiff;

i. Negligently supervising and retaining Davison;

j. Negligently controlling Davison;

k. Failing to properly supervise and control Davison;

l. Failing to address and investigate prior complaints of Davison's inappropriate treatment towards women;

m. Creating an atmosphere where it was acceptable for Davison to seek sexual contact in return for his position as Director of Genesis; and

n. Providing Davison a safe haven so that he could continue his conduct.

Defendants' conduct was a proximate and producing cause of damage to Plaintiff. Further, Defendants' conduct was malicious and grossly negligent. Thus, in addition to actual damages, Plaintiff seeks punitive damages.

10

## C. **RESPONDEAT SUPERIOR/VICARIOUS LIABILITY: GENESIS**

Plaintiff re-alleges each allegation above as if fully incorporated herein. Defendant Genesis is vicariously liable for Davison's conduct under the doctrine of respondeat superior. Davison committed the actions described herein while acting as:

- Director of Genesis;

- An individual authorized to act on behalf of Genesis in matters related to economic development, oil and gas construction and extraction, specifically to advance the interests of Genesis Energy; and

- Someone ostensibly advancing business deals for Genesis and using that position to attempt to obtain sexual favors.

Davison's role in Genesis placed him in a position of authority, influence, and control directly tied to the business operations and objectives of Genesis. His conduct which includes harassment, coercion, and misuse of power, was enabled by and executed through the authority the Genesis vested in him. As such, Defendant Genesis is liable for Davison's misconduct.

## VIII. DAMAGES

As a direct and proximate result of Defendants' acts and omissions described above, Plaintiff has incurred the following damages:

a. Conscious physical and mental pain and suffering, and anguish, past and future;

b. Loss of enjoyment of life and peace of mind, past and future;

c. Reasonable and necessary medical, counseling, psychiatric, therapeutic and related expenses, past and future;

d. Damage to reputation and credibility within her professional community;

e. Damage to reputation and credibility within her local personal community;

f. Loss of earning capacity, including diminished future opportunities, reduced visibility in her field, and loss of professional relationships;

11

Certified Document Number: 125665540 - Page 11 of 14

g.  Past and future economic loss, including lost business opportunities and financial harm arising from Defendants' conduct;

h.  Injury and damages to her career and professional standing, including the loss of partnerships, clients, and contracts that Plaintiff reasonably expected to secure; and

i.  Such other damages that will be shown at trial, all of which not less than $30,000,000.

Plaintiff seeks any and all damages to which she may be entitled. As stated, *Plaintiff also seeks exemplary damages* to deter such conduct going forward, and to make an example of these Defendants.

### IX. NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that she intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants will produce, or have produced, in response to Plaintiff's written discovery requests or in Defendants' disclosures.

### X. REQUEST FOR JURY TRIAL

Plaintiff respectfully demands a jury trial and hereby tenders the appropriate fee.

### XI. PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incidents made the basis of this lawsuit, including but not limited to communications, electronic data, mapping data, and location data.

### XII. PRAYER

By reason of all the above and foregoing, Plaintiff is entitled to recover from Defendants for the damages set forth in this petition, within the jurisdictional limits of this Court. As required by Rule 47, Plaintiff also seeks punitive damages consistent with Tex. R. Civ. Proc. 47(c)(3). Plaintiff also seeks pre and post-judgment interest at the maximum legal rate, costs of court, and

12

Certified Document Number: 125665540 - Page 12 of 14

any other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

## THE BUZBEE LAW FIRM

/s/: *Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Thomas Colby Holler
State Bar No. 24126898
Hall Sasnett
State Bar No. 24131025
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Phone: (713) 223-5393
Facsimile: (713) 223-5909
tbuzbee@txattorneys.com
choller@txattorneys.com
hsasnett@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 125665540 - Page 13 of 14

13

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Anthony  Buzbee on behalf of Anthony Buzbee
Bar No. 24001820
efiling@txattorneys.com
Envelope ID: 112546217
Filing Code Description: Petition
Filing Description: PLAINTIFFS ORIGINAL PETITION
Status as of 3/18/2026 9:50 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| HALL SASNETT | | hsasnett@txattorneys.com | 3/17/2026 9:54:01 PM | SENT |
| Colby Holler | | CHoller@txattorneys.com | 3/17/2026 9:54:01 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 3/17/2026 9:54:01 PM | SENT |
| The Buzbee Law Firm - | | efiling@txattorneys.com | 3/17/2026 9:54:01 PM | SENT |

Certified Document Number: 125665540 - Page 14 of 14



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 27, 2026

Certified Document Number:          125665540 Total Pages: 14

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

3/17/2026 9:54:01 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 112546217
By: MCCARTY, TALITHA R
Filed: 3/17/2026 9:54:01 PM

**CIVIL PROCESS REQUEST**
**2026-18050 / Court: 269**

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): PLAINTIFF'S ORIGINAL PETITION

**FILE DATE OF MOTION:** 3.17.24
Month/   Day/   Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:** James E. Davison Sr.

   **ADDRESS:** 222 Loblolly Ln., Choudrant, LA 71227 or wherever he may be found.

   **AGENT,** (if applicable): _____

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): citation

   **SERVICE BY** (check one):
   ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
   ☐ **MAIL**                      ☐ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
       Type of Publication:   ☐ **COURTHOUSE DOOR, or**
                              ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☑ **OTHER,** explain e-issuance _____

*****************************************************************************************

****

2. **NAME:** Genesis Energy, L.P

   **ADDRESS:** 919 Milam St, Ste 2100, Houston, TX, 77002 or wherever he may be found.

   **AGENT,** (if applicable): Karen N. Pape

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

   **SERVICE BY** (check one):
   ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**

   ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

   ☐ **MAIL**                      ☐ **CERTIFIED MAIL**

   ☐ **PUBLICATION:**
       Type of Publication:   ☐ **COURTHOUSE DOOR, or**
                              ☐ **NEWSPAPER OF YOUR CHOICE:** _____

   ☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:** Anthony G. Buzbee          **TEXAS BAR NO./ID NO.** 24001820

**MAILING ADDRESS:** 600 Travis, Ste. 7500

**PHONE NUMBER:** 713 / 223-5393          **FAX NUMBER:** 713 / 223-5909
area code / phone number                  area code / fax number

**EMAIL ADDRESS:** Tbuzbee@txattorneys.com

CIVCI08 Revised 9/2/09

Certified Document Number: 125665541 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 27, 2026

Certified Document Number:        125665541 Total Pages: 1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

3/25/2026 3:51 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112866991
Receipt Number: 1061086    By: Tammie Young
Tracking Number: 74626170
Filed: 3/25/2026 3:51 PM

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202618050

| | |
|---|---|
| PLAINTIFF: DOE, JANE | In the 269th Judicial |
| vs. | District Court of |
| DEFENDANT: DAVISON, JAMES E (SR) | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: GENESIS ENERGY, L.P. BY SERVING ITS REGISTERED AGENT KAREN N PAPE

919 MILAM ST    STE 2100

HOUSTON TX 77002

OR WHEREVER THEY MAY BE FOUND

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on March 17, 2026, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this March 19, 2026.



Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: TALITHA MCCARTY

Issued at request of:
BUZBEE, ANTHONY GLENN
600 TRAVIS, STE. 7500
HOUSTON, TX  77002
713-223-5393
Bar Number: 24001820

Certified Document Number: 125809862 - Page 1 of 3

Tracking Number: 74626170

CAUSE NUMBER: 202618050

| | |
|---|---|
| PLAINTIFF: DOE, JANE | In the 269th |
| vs. | Judicial District Court |
| DEFENDANT: DAVISON, JAMES E (SR) | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____

_____
_____ of _____

County, Texas

_____    By: _____
       Affiant                      Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
Notary Public

CAUSE NUMBER: 2026-18050

| | |
|---|---|
| **Jane Doe**<br>**PLAINTIFF** | **IN THE DISTRICT COURT** |
| **VS.** | **269TH DISTRICT COURT** |
| **James E Davidson Sr., et al**<br>**DEFENDANT** | **HARRIS COUNTY, TEXAS** |

## SWORN DECLARATION OF SERVICE

My name is **Kenneth Fairbanks**. I am over the age of eighteen (18), I am not a party to this case and, as a disinterested person, I have no interest in the outcome of this case. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: **1320 QUITMAN ST., HOUSTON, TX. 77009, U.S.A.**

ON **Thursday, March 19, 2026 AT 10:48 AM - CITATION; Citation; Plaintiff's Original Petition** came to hand for service upon **Genesis Energy LP by Serving its Registered Agent, Karen N Pape.**

On Monday March 23, 2026 at 10:21 AM - The above named documents were hand delivered to: Genesis Energy LP C/O its Registered Agent, Karen N Pape by delivering to Louie V. Nicol, VP @ 811 Louisiana St, Ste 1200, Houston, TX 77002, in Person.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                          DECLARATION

"My name is **Kenneth Fairbanks**, I am over the age of Eighteen, my business address is: **1320 QUITMAN ST., HOUSTON, TX. 77009, U.S.A.**, and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Harris County, State of Texas on Wednesday, March 25, 2026**

*[signature]*

**Kenneth Fairbanks**
**PSC# 22047**
**EXP. 3/31/2027.**
Declarant; Appointed in accordance with State Statutes.

Certified Document Number: 125809862 - Page 3 of 3

14308442

1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 27, 2026

Certified Document Number:        125809862 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

4/13/2026 10:02 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 113554687
By: Nathalie Bityeki
Filed: 4/13/2026 10:02 AM

CAUSE NO. 2026-18050

| | | |
|---|---|---|
| JANE DOE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY |
| | § | |
| JAMES E. DAVISON SR. and | § | |
| GENESIS ENERGY, L.P., | § | |
| | § | |
| Defendants. | § | 269TH JUDICIAL DISTRICT |

## DEFENDANT GENESIS ENERGY, L.P.'S ORIGINAL ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

Defendant Genesis Energy, L.P., ("Genesis Energy") by and through the undersigned counsel, files this Answer to the Original Petition filed by Plaintiff Jane Doe ("Plaintiff").

The Petition does not allege any wrongful conduct by Genesis Energy. Instead, Plaintiff alleges that Defendant Davison, who is a director, engaged in misconduct during personal interactions with Plaintiff that were not on Genesis Energy premises or related to any company business. The Petition does not disclose Plaintiff's identity or allege that Plaintiff has ever had any business relationship or other contact with Genesis Energy. She is a stranger to the company.

The Petition does not plausibly allege that Mr. Davison was acting on behalf of Genesis if and when he engaged in the misconduct alleged against him. Nor could it: Mr. Davison is not an employee or officer of the company. Individual directors do not have any authority to act for Genesis. Nor has Genesis ever held Mr. Davison out as having any authority to act for it.

The Petition fails to allege any facts to support its boilerplate "negligence" allegations against Genesis Energy. Plaintiff acknowledges that Mr. Davison has an exemplary reputation and is a pillar of the Louisiana business community. Genesis Energy has never received any prior complaint about Mr. Davison and is unaware of any prior allegations of personal misconduct

Certified Document Number: 126113763 - Page 1 of 4

against him. If true, the conduct alleged by Plaintiff would fall far outside the course and scope of Mr. Davison's role and responsibilities as a director.

Instead, it appears that Plaintiff has wrongfully added Genesis as a defendant to this action merely in search of a way to defeat federal diversity jurisdiction for her suit against Mr. Davison.

Defendant Genesis answers as follows:

## II.    GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Genesis denies each and every allegation contained in Plaintiff's Petition and demands strict proof thereof.

## III.    AFFIRMATIVE DEFENSES

Plaintiff's claims are subject, in whole or in part, to one or more of the following defenses:

1.    Plaintiff has failed to state a claim against Genesis Energy upon which relief may be granted.

2.    Any damages or harm allegedly suffered by Plaintiff were not caused by Genesis. Rather, any such damages or harm was caused by Plaintiff or by a third party outside of Genesis's control.

3.    Plaintiff's alleged injuries are based on the alleged criminal acts of another that were not the foreseeable result of anything Genesis Energy did or should have done.

4.    All or part of the damages requested by Plaintiff in this action are unavailable as a matter of law.

5.    Plaintiff's claims are barred in whole or in part by the doctrine of consent.

6.    Plaintiff's claims fail to state facts sufficient to constitute any cause of action entitling Plaintiff to recover exemplary damages from Genesis Energy.

2

7.     Defendant Genesis Energy states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.   Defendant Genesis Energy reserves herein the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

## IV.   PRAYER

WHEREFORE, Defendant Genesis Energy prays that Plaintiff take nothing by way of her suit against it, that all costs of court be assessed against Plaintiff, and for such other and further relief to which Defendant Genesis Energy may be entitled.

Respectfully submitted this 13th day of April, 2026.

**REYNOLDS FRIZZELL LLP**

By:  /s/ *Michael K. Oldham*
       **Michael K. Oldham**
       Texas Bar No. 00798405
       oldham@reynoldsfrizzell.com
       **Nathan Smith**
       Texas Bar No. 24053060
       nsmith@reynoldsfrizzell.com
       **Elizabeth Wilkerson**
       Texas Bar No. 24130917
       ewilkerson@reynoldsfrizzell.com
       1100 Louisiana, Suite 3500
       Houston, Texas 77002
       Telephone: (713) 485-7200
       Facsimile: (713) 485-7250

**ATTORNEYS FOR DEFENDANT**
**GENESIS ENERGY, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all counsel of record pursuant to the Texas Rules of Civil Procedure on this 13th day of April, 2026.

/s/ *Michael K. Oldham*
Michael K. Oldham

Certified Document Number: 126113763 - Page 3 of 4

3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexandra Meir on behalf of Michael Oldham
Bar No. 798405
ameir@reynoldsfrizzell.com
Envelope ID: 113554687
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Genesis Energy, L.P.'s Original Answer to Plaintiff's Original Petition
Status as of 4/13/2026 3:29 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Anthony Buzbee | | tbuzbee@txattorneys.com | 4/13/2026 10:02:09 AM | SENT |
| Colby Holler | | CHoller@txattorneys.com | 4/13/2026 10:02:09 AM | SENT |
| The Buzbee Law Firm - | | efiling@txattorneys.com | 4/13/2026 10:02:09 AM | SENT |
| HALL SASNETT | | hsasnett@txattorneys.com | 4/13/2026 10:02:09 AM | SENT |
| User 1 | | tylc+345333.805@tyler.api.legalconnect.com | 4/13/2026 10:02:09 AM | SENT |
| Elizabeth Wilkerson | | ewilkerson@reynoldsfrizzell.com | 4/13/2026 10:02:09 AM | SENT |
| Nathan M.Smith | | nsmith@reynoldsfrizzell.com | 4/13/2026 10:02:09 AM | SENT |
| Monica Orand | | morand@reynoldsfrizzell.com | 4/13/2026 10:02:09 AM | SENT |
| Michael K.Oldham | | oldham@reynoldsfrizzell.com | 4/13/2026 10:02:09 AM | SENT |
| Alexandra Meir | | ameir@reynoldsfrizzell.com | 4/13/2026 10:02:09 AM | SENT |
| Reynolds Frizzell | | efiling@reynoldsfrizzell.com | 4/13/2026 10:02:09 AM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 27, 2026

Certified Document Number:          126113763 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

4/27/2026 11:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 114133748
By: Nathalie Bityekl
Filed: 4/27/2026 11:29 AM

CAUSE NO. 2026-18050

| | | |
|---|---|---|
| JANE DOE,<br>     *Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, T E X A S |
| | § | |
| GENESIS ENERGY and | § | |
| JAMES E. DAVISON, SR. | § | |
|      *Defendants* | § | 269th    JUDICIAL    DISTRICT |

## DEFENDANT JAMES E. DAVISON, SR.'S SPECIAL APPEARANCE

Defendant James E. Davison, Sr. ("Davison") makes this Special Appearance to contest personal jurisdiction under Rule 120a of the Texas Rules of Civil Procedure.

## Background

Doe has judicially admitted that Davison is a resident of Louisiana. *See* Plaintiff's Original Petition at 4. Doe has sued Davison for civil assault, negligence, and gross negligence. *See id.* at 8-10. According to Doe, each of Davison's alleged tortious acts occurred in Louisiana, not Texas. *See id.* at 2, 3, 6, 7, 8, 9.

## Argument & Authorities

Texas courts do not have jurisdiction over a nonresident defendant unless the defendant has purposefully established "minimum contacts" with Texas and the court's exercise of jurisdiction over the defendant comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985); *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 8 (Tex. 2021); *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 559 (Tex. 2018); *TV Azteca, S.A.B. de C.V. v. Ruiz*, 490 S.W.3d 29, 36–37 (Tex. 2016).

Texas courts must determine whether a nonresident defendant has purposefully established minimum contacts with Texas. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007); *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991). To prove it had no minimum contacts with Texas, the defendant must show that (1) it did not purposefully avail itself of the privilege of conducting activities within Texas, or (2) any contacts it may have had with Texas do not give rise to specific or general jurisdiction. *See M&F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co.*, 512 S.W.3d 878, 885–86 (Tex. 2017); *Moki Mac*, 221 S.W.3d at 575–76; *Commonwealth Gen. Corp. v. York*, 177 S.W.3d 923, 925 (Tex. 2005); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795–96 (Tex. 2002).

For purposeful availment to be established, a defendant's acts must be purposeful rather than random, isolated, or fortuitous, and the defendant must have sought some benefit, advantage, or profit in availing itself of the Texas jurisdiction. *M&F Worldwide*, 512 S.W.3d at 886; *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 67 (Tex. 2016); *TV Azteca*, 490 S.W.3d at 37–38; *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338–39 (Tex. 2009); *Moki Mac*, 221 S.W.3d at 575; *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). The purposeful-availment analysis looks to the defendant's contacts with Texas itself, not contacts with people who reside there. *Old Republic Nat'l Title Ins. V. Bell*, 549 S.W.3d 550, 559 (Tex. 2018). Here, Davison did not purposefully avail himself of the privilege of conducting activities within Texas because, **even accepting Doe's allegations as true**, Davison's conduct involving Doe was not purposefully directed to Texas and did not seek some benefit, advantage, or profit in availing himself of the Texas jurisdiction.

2

Moreover, Texas courts cannot exercise specific jurisdiction over a nonresident defendant unless the plaintiff's litigation results from injuries that are alleged to arise from or relate to the defendant's contacts with Texas. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 156 (Tex. 2013); *Moki Mac*, 221 S.W.3d at 575; *BMC Software*, 83 S.W.3d at 796; *see Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 & n.8 (1984); *M&F Worldwide*, 512 S.W.3d at 886; *TV Azteca*, 490 S.W.3d at 52. The defendant's acts must have a substantial connection with the operative facts of the litigation to satisfy the "arise-from-or-relate to" test. *See Old Republic Nat'l Title*, 549 S.W.3d at 559–60; *M&F Worldwide*, 512 S.W.3d at 890; *TV Azteca*, 490 S.W.3d at 52; *Spir Star AG v. Kimich*, 310 S.W.3d 868, 874 (Tex. 2010); *Retamco Operating*, 278 S.W.3d at 340. Moreover, a "but-for" test applied to communications between an in-state plaintiff and an out-of-statement defendant cannot establish a "substantial connection" sufficient to satisfy the "arise-from-or-relate-to" test. *See Old Republic Nat'l Title*, 549 S.W.3d at 560-61. Here, this Court does not have specific jurisdiction over Davison because, **even accepting Doe's allegations as true**, Doe's claims do not arise from or relate to his contacts with Texas.

Finally, Texas courts cannot exercise general jurisdiction over a nonresident defendant unless the defendant has affiliations with Texas that are so continuous and systematic as to render the defendant essentially "at home" in Texas. *See Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014); *Old Republic Nat'l Title*, 549 S.W.3d at 565; *Searcy*, 496 S.W.3d at 72; *Booth v. Kontomitras*, 485 S.W.3d 461, 478 (Tex. App.—Beaumont 2016, no pet.). An individual defendant is considered at home where she is domiciled. *See Daimler AG*, 571 U.S. at 137; *Borunda v. Free & Sovereign State of Chihuahua*, 658 S.W.3d 850, 858 (Tex. App.—El Paso 2022, no pet.); *Henkel v. Emjo Invs., Ltd.*, 480 S.W.3d 1, 5 (Tex. App.—Houston [1st Dist.] 2015, no pet.). A domicile is an individual's fixed, principal, and permanent home that the individual

3

intends to return to and remain at even if the individual is currently residing elsewhere. *Borunda*, 658 S.W.3d at 858. Here, this Court does not have general jurisdiction over Davison because he is not "at home" in Texas and is not domiciled in Texas. Instead, as Doe has judicially admitted, Davison resides in Louisiana, his fixed, principal, and permanent home.

### Conclusion & Prayer

Davison does not have the minimum contacts with the State of Texas to justify a Texas court's assertion of personal jurisdiction. For this reason, Davison asks the Court to set his special appearance for hearing and, after the hearing, sustain his special appearance and sign a final judgment dismissing plaintiff's cause of action. Davison also requests all other relief to which he is entitled.

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**

*/s/ Rusty Hardin*
Rusty Hardin
  State Bar No. 24054206
Joe Roden
  State Bar No. 00794549
Megan Moore
  State Bar No. 24054322
1401 McKinney Street, Suite 2250
Houston, Texas  77010
Telephone:  (713) 652-9000
Facsimile:  (713) 652-9800
Email:  rhardin@rustyhardin.com
Email :  jroden@rustyhardin.com
Email :  mmoore@rustyhardin.com

*Attorneys for Defendant,*
*James E. Davison, Sr.*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served by electronic service pursuant to Rule 21a on all counsel of record through efiletexas.gov on April 27, 2026 as follows:

Anthony G. Buzbee
Thomas Colby Holler
Hall Sasnett
THE BUZBEE LAW FIRM
600 Travis, Suite 7500
JPMorgan Chase Tower
Houston, Texas 77002
Email: tbuzbee@txattorneys.com
Email : choller@txattorneys.com
Email : hsasnett@txattorneys.com
*Attorneys for Plaintiff*

Michael K. Oldham
Nathan Smith
Elizabeth Wilkerson
REYNOLDS FRIZZELL LLP
1100 Louisiana St., Suite 3500
Houston, Texas 77002
Email: oldham@reynoldsfrizzell.com
Email: nsmith@reynoldsfrizzell.com
Email: ewilkerson@reynoldsfrizzell.com
*Attorneys for Defendant Genesis Energy*

                              */s/ Joe Roden*
                              Joe Roden

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shannon Campbell on behalf of Joe Roden
Bar No. 00794549
scampbell@rustyhardin.com
Envelope ID: 114133748
Filing Code Description: No Fee Documents
Filing Description: Defendant James E. Davison, Sr.'s Special Appearance
Status as of 4/27/2026 4:55 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael K.Oldham | | oldham@reynoldsfrizzell.com | 4/27/2026 11:29:34 AM | SENT |
| Nathan M.Smith | | nsmith@reynoldsfrizzell.com | 4/27/2026 11:29:34 AM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 4/27/2026 11:29:34 AM | SENT |
| Colby Holler | | CHoller@txattorneys.com | 4/27/2026 11:29:34 AM | SENT |
| Alexandra Meir | | ameir@reynoldsfrizzell.com | 4/27/2026 11:29:34 AM | SENT |
| Elizabeth Wilkerson | | ewilkerson@reynoldsfrizzell.com | 4/27/2026 11:29:34 AM | SENT |
| Monica Orand | | morand@reynoldsfrizzell.com | 4/27/2026 11:29:34 AM | SENT |
| HALL SASNETT | | hsasnett@txattorneys.com | 4/27/2026 11:29:34 AM | SENT |
| Reynolds Frizzell | | efiling@reynoldsfrizzell.com | 4/27/2026 11:29:34 AM | SENT |
| User 1 | | tylc+345333.805@tyler.api.legalconnect.com | 4/27/2026 11:29:34 AM | SENT |
| The Buzbee Law Firm - | | efiling@txattorneys.com | 4/27/2026 11:29:34 AM | SENT |
| Sandra Dominguez | | sdominguez@rustyhardin.com | 4/27/2026 11:29:34 AM | SENT |
| Bridget Daspit | | BDASPIT@RUSTYHARDIN.COM | 4/27/2026 11:29:34 AM | SENT |
| Megan Moore | | mmoore@rustyhardin.com | 4/27/2026 11:29:34 AM | SENT |
| Joe Roden | | jroden@rustyhardin.com | 4/27/2026 11:29:34 AM | SENT |
| Shannon Campbell | | scampbell@rustyhardin.com | 4/27/2026 11:29:34 AM | SENT |
| Rusty Hardin | | rhardin@rustyhardin.com | 4/27/2026 11:29:34 AM | SENT |

CAUSE NO. 2026-18050

| | | |
|---|---|---|
| JANE DOE, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, T E X A S |
| | § | |
| GENESIS ENERGY and | § | |
| JAMES E. DAVISON, SR. | § | |
| *Defendants* | § | 269th JUDICIAL DISTRICT |

## <u>DEFENDANT JAMES E. DAVISON, SR.'S</u><br><u>ORIGINAL ANSWER</u><br><u>SUBJECT TO AND WITHOUT WAIVING HIS SPECIAL APPEARANCE</u>

Defendant James E. Davison, Sr. ("Davison") files his Original Answer subject to and

without waiving his previously filed Special Appearance.

### <u>General Denial</u>

Pursuant to Texas Rule of Civil Procedure 92, Davison generally denies each and every

allegation in Plaintiff Jane Doe's Original Petition, and demands strict proof thereof.

### <u>Prayer</u>

Davison requests that the Court render a take-nothing judgment on Doe's claims and award

him his costs of court. Davison also requests all other relief to which he is entitled.

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**

*/s/ Rusty Hardin*
Rusty Hardin
   State Bar No. 24054206
Joe Roden
   State Bar No. 00794549
Megan Moore
   State Bar No. 24054322

1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
Email: rhardin@rustyhardin.com
Email : jroden@rustyhardin.com
Email : mmoore@rustyhardin.com

**_Attorneys for Defendant,_**
**_James E. Davison, Sr._**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served by electronic service pursuant to Rule 21a on all counsel of record through efiletexas.gov on April 27, 2026 as follows:

Anthony G. Buzbee
Thomas Colby Holler
Hall Sasnett
THE BUZBEE LAW FIRM
600 Travis, Suite 7500
JPMorgan Chase Tower
Houston, Texas 77002
Email: tbuzbee@txattorneys.com
Email : choller@txattorneys.com
Email : hsasnett@txattorneys.com
**_Attorneys for Plaintiff_**

Michael K. Oldham
Nathan Smith
Elizabeth Wilkerson
REYNOLDS FRIZZELL LLP
1100 Louisiana St., Suite 3500
Houston, Texas 77002
Email: oldham@reynoldsfrizzell.com
Email: nsmith@reynoldsfrizzell.com
Email: ewilkerson@reynoldsfrizzell.com
**_Attorneys for Defendant_**
**_Genesis Energy_**

/s/ Joe Roden
Joe Roden

2

Server: J.L.

ID No: 7158 062309-LH

Date: 4/1/2026

Time: _____:_____

CAUSE NO. 202618050

COPY OF PLEADING PROVIDED BY PLT

RECEIPT No: 1061086

TRACKING #: 74626171

Plaintiff: DOE, JANE

vs.

Defendant: DAVISON, JAMES E (SR)

In The 269th
Judicial District Court of
Harris County, Texas

Houston, Texas

## CITATION – NON RESIDENT

**THE STATE OF TEXAS**
**County of Harris**

**To:     DAVISON, JAMES E (SR)**
**222 LOBLOLLY LN**
**CHOUDRANT LA 71227**
OR WHEREVER HE MAY BE FOUND

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on 3/17/2026 12:00:00 AM, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on  March 19, 2026, under my hand and seal of said court.

Issued at the request of:
BUZBEE, ANTHONY GLENN
600 TRAVIS, STE. 7500
HOUSTON, TX  77002
713-223-5393

Bar Number: 24001820

Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: TALITHA MCCARTY

Tracking Number: 74626171

**CAUSE NUMBER: 202618050**

| | |
|---|---|
| **PLAINTIFF: DOE, JANE** | **In the 269th** |
| **vs.** | **Judicial District Court of** |
| **DEFENDANT: DAVISON, JAMES E (SR)** | **Harris County, Texas** |

## OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. On the _____ day of _____, 20_____.
Executed at

(Address)_____
_____ in _____ County at o'clock ___. M. On the _____ day of
_____, 20 _____, by

Delivering to _____defendant, in person, a true copy of this
Citation together with the accompanying _____ copy (ies) of the _____. Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____.
20___.

Fees $_____

_____            By_____
        Affiant                                                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that
this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____,
20___.

_____
        Notary Public

3/17/2026 9:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112546217
By: Talitha McCarty
Filed: 3/17/2026 9:54 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JANE DOE, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | HARRIS COUNTY |
| v. | § | |
| | § | |
| JAMES E. DAVISON SR. and | § | |
| GENESIS ENERGY, L.P. | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Jane Doe files this Original Petition against Defendants James E. Davison Sr. and Genesis Energy, L.P. and, in support, she respectfully shows this Honorable Court the following:

### I. SUMMARY OF THE CASE

Defendant James Davison is the classic extremely rich and connected guy who believes he can do what he wants, to whom he wants, whenever he wants. He ascribes to the "grab her by the pussy" school of thought. This case, brought by one of his victims, seeks to stop his outrageous and unlawful behavior.

Throughout history, unscrupulous men in power have attempted to improperly use that power to coerce those with less power to get what they want, in this case a sexual relationship. In this matter, the prime perpetrator attempted to use his wealth and status to engage in a sexual relationship with a younger woman. After refusing his repeated and multiple advances, multiple sexual assaults occurred. Now threats are being made.

Davison is a central figure in Louisiana's business, civic, and educational landscape, wielding influence through both ownership and strategic board positions. He is a self-described friend of President Trump and trades off that relationship. As a major equity holder and director

1

of Genesis, president of Sunshine Oil and Storage, Inc., and sole owner of Ruston Aviation, Inc., he controls key energy and transportation assets. Additionally, Davison developed Ruston's Squire Creek Country Club, an exclusive social hub for the local "elite." At Louisiana Tech University, Davison's impact is institutionalized through the $20 million Davison Athletics Complex, his advisory roles with the university and its College of Business, and his Hall of Fame recognition. In short, Davison's combined wealth, leadership, and strategic influence make him a pillar of power and prestige in Louisiana.

Davison serves on Defendant Genesis Energy's board. He is a major owner of Genesis. The acts complained of were done in that capacity, and also in his personal capacity. Many of the promises Davison made to lure Doe from Texas to meetings included business dealings with Genesis through his position as a major investor and board member. This case is brought against Davison in both his individual and corporate capacity.

Ms. Doe and Davison shared a long-term professional relationship beginning in 2008, which Ms. Doe initially viewed as a mentorship. However, beginning in 2025, Davison began using his immense influence and his seat on the Board of Directors of Genesis Energy to transform this professional association into a predatory cycle of quid pro quo abuse.

Davison repeatedly utilized the promise of business deals and professional opportunities regarding oil and gas construction, extraction, and financial investments, including those involving Genesis and other entities that Davison controlled and/or acted through, to schedule meetings that were ostensibly professional but served as venues for sexual assaults.

As an example, during a business lunch at the Shreveport Club intended to advance the interests of Genesis Energy, Davison grabbed Ms. Doe's face and forced a hard kiss on her mouth while simultaneously grabbing her breast. In a subsequent meeting meant for the delivery of

2

investment checks, Davison entered Ms. Doe's vehicle and attempted to forcibly move her face to his mouth for a kiss. This pattern continued during a meeting regarding professional funding, where Davison attempted to pull open Ms. Doe's tied and buttoned jacket, forcing her to physically defend herself. On two further occasions involving the delivery of promised business funds and financial commitments, Davison committed sexual battery by deliberately rubbing his hand across Ms. Doe's breast.

Alongside these physical assaults, Davison engaged in relentless textual harassment, by sending repeated, unwanted, and sexually graphic texts. He often timed his graphic messages to coincide with professional meetings. This misconduct is supported by a discreet recording in which Davison admits to his repeated assaults and inappropriate behavior while remaining essentially unapologetic. Beyond the immediate trauma, Davison's actions have caused profound devastation to Ms. Doe's life; she suffers from severe anxiety and nightmares while facing a systematic dismantling of her reputation due to Davison slandering her as his "girlfriend" within her hometown.

After being confronted, Davison began a smear campaign and actively tried to damage Ms. Doe's reputation, credibility, and professional relationship by spreading that Ms. Doe was his "girlfriend" within her hometown. Davison has now engaged a team who claim that the crude and sexual text messages sent by Davison to Doe were made up (they were not) and that instead it was Doe who took advantage of Davison (it was not). Davison himself deleted many of the offending text messages, and then attempted to erase them permanently.[1] Davison's team now also has attacked the reputation of Doe, claiming she and her husband are desperate for money and that the

---

[1] One of his attorneys even had the audacity to allege that Ms. Doe had engaged in wire fraud "across state lines." It is ironic that it is Davison and his team who have been a party to deleting key evidence and then pretending that such does not exist. More claims may result from this conduct as this litigation proceeds.

allegations are completely manufactured to "shake down" a vulnerable senior citizen. Davison's team has repeatedly engaged in classic gaslighting behavior, all the while staring at concrete evidence of Davison's multiple assaults and targeting of Ms. Doe. Davison's new fall back, is that, even though he serves on the Board of Directors of Genesis, a public company, he is not mentally competent and, thus, to the extent he engaged in the egregious conduct alleged, he should not be held accountable. This is yet another attempt at Davison to avoid accountability.

Davison is the classic hypocrite. He professes the gospel of Jesus, while at the same time attempting to sexually assault a woman thirty years his junior. He is the classic old rich guy who thinks that because he is rich, and because he knows certain people, he can assault and grab whomever he wants without any consequences. He is dead wrong. Jane Doe brings this case seeking damages that exceed $50 million dollars.

## II. PARTIES

**Plaintiff Jane Doe** at all times relevant to this lawsuit, resided in Tyler, Texas.

**Defendant James E. Davison Sr.** is an individual residing in Louisiana. Davison frequently makes trips to Houston, Texas for business related to Genesis. He is currently serving as a Director on the Genesis Energy L.P. Board of Directors. He can be served at 222 Loblolly Ln., Choudrant, LA 71227.

**Defendant Genesis Energy, L.P.** is a foreign limited partnership operating in the State of Texas. Genesis's headquarters is located at 919 Milam, Suite 2100, Houston, TX 77002. Further, members of the limited partnership reside in Harris County, Texas. Genesis may be served through its registered agent, Karen N. Pape at 919 Milam St, Ste 2100, Houston, TX, 77002.

## III. DISCOVERY CONTROL PLAN

Discovery in this matter will be conducted pursuant to Level 2.

4

## IV. CLAIM FOR RELIEF

The damages sought are within the jurisdictional limits of this court. Plaintiff seeks monetary relief in excess of $1,000,000 including damages of any kind, penalty, costs, expenses, punitive damages, pre-judgment interest, and attorney's fees.

## V. JURISDICTION AND VENUE

Venue is proper in Harris County because at least one defendant resides in Harris County, Texas.

This Court has personal jurisdiction over Defendants because the causes of action herein arose from Defendants' specific and systematic purposeful contacts with this forum state related to business dealings.

Defendant Genesis's headquarters is in Houston, Texas. Defendant Davison serves on the Genesis board and is a major investor. Davison routinely corresponded with and lured Plaintiff, a Texas resident, to various meetings where he assaulted her. Davison's targeting of Plaintiff occurred while she was in Texas. Davison also travels to Texas frequently to fulfill his duties as a Genesis board member. Plaintiff's claims arise from and relate to Defendant Davison's contacts with Texas. This Court has specific and general jurisdiction over both Defendants.

This Court has subject matter jurisdiction over this cause of action because it involves an amount in excess of the minimum jurisdictional limits of this Court. This case is not removable pursuant to 28 U.S.C. 1331 or rule 1332.

## VI. FACTUAL BACKGROUND

Ms. Doe, a Texan and professional Landman, first met James Davison in 2008 and eventually partnered with him on a mineral lease project in 2010. For over a decade, they maintained a professional relationship involving high-level oil and gas deals. Through their professional dealings, Ms. Doe viewed Davison as a fatherly-mentor figure. Davison utilized his

5

public persona as a "good Christian man" and a pillar of the business community to cultivate significant trust with Ms. Doe and her family. Davison and Plaintiff routinely worked on deals in Texas and he traveled to Texas for such deals, negotiations, and meetings.

However, beginning in 2025, Davison began leveraging his wealth and professional influence, specifically his position as a director of Genesis Energy, to transition this mentorship into a predatory cycle of attempted quid pro quo sexual abuse in which Ms. Doe was the victim.

On April 2, 2025, Ms. Doe was invited from Texas to attend a business lunch with Davison at the Shreveport Club to discuss oil and gas construction. Davison attended this meeting on behalf of himself and as a director of Genesis, seemingly acting to advance the interests of that company. As they were leaving, Davison committed the first physical assault by grabbing Ms. Doe's face, forcing a hard kiss on her mouth, and simultaneously grabbing her breast.

On April 17, 2025, Davison requested another meeting with Plaintiff while she was in Texas; the purpose of which was to ostensibly deliver checks for a project investment. During this encounter, Davison used the value of Genesis Energy's involvement as leverage to secure time with Ms. Doe, during which he entered her vehicle and attempted to forcibly kiss her.

Davison's established pattern involved dangling and luring professional opportunities or promising the involvement of Genesis Energy to secure meetings where he could target Ms. Doe. By May 2025, the harassment escalated to include graphic text messages and further physical aggression. Before a lunch meeting on May 8, 2025, Davison sent a text message describing Ms. Doe's anatomy in a highly derogatory and vulgar manner. Following the meal, while in his car discussing promised funds, Davison attempted to pull open her jean jacket, forcing Ms. Doe to physically defend herself by slapping his hand away.

6



The physical abuse continued through the summer of 2025. On June 13, 2025, while handing Ms. Doe a box of peaches and discussing promised money, Davison rubbed his hand on her left breast. A similar incident occurred on August 5, 2025, when Davison used a greeting hug as an opportunity to again rub his hand across her left breast. Throughout this period, Davison used text messages to relentlessly sexualize Ms. Doe, demanding she wear clothing to professional meetings that would perk him up. Davison would continually harass Ms. Doe via text messages.



Davison's text messages became increasingly invasive, including comments about the appearance of Ms. Doe. When Ms. Doe confronted Davison and demanded that the inappropriate messages stop, he refused to respect her boundaries. Instead, Davison issued a professional ultimatum, stating he no longer wished to discuss business unless she was ready to continue their professional relationship in a sexual manner.

When Ms. Doe finally confronted Davison and demanded that the inappropriate messages stop, he refused to respect her boundaries. Instead, Davison issued a professional ultimatum to Plaintiff in Texas, stating he no longer wished to discuss business unless she was ready to continue their professional relationship in a sexual manner.

This conduct demonstrated Davison's intent to utilize his professional status at Genesis as a tool for sexual exploitation rather than legitimate business.

## VII. CAUSES OF ACTION

### A. CIVIL ASSAULT: DAVISON

Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

Defendant Davison committed civil assault on Plaintiff throughout 2025, as pleaded above. Specifically, Davison intentionally used physical contact with Plaintiff when he knew, or should have reasonably known, that Plaintiff would regard such contact as offensive. This contact included an incident on April 2, 2025, where Davison grabbed Plaintiff's face and forced her to kiss him while simultaneously grabbing her breast. On May 8, 2025, Davison further assaulted Plaintiff by attempting to pull open her tied and buttoned jean jacket, forcing her to physically defend herself by slapping his hand away. Indeed, Plaintiff repeatedly attempted to de-escalate these interactions and maintain professional boundaries, which Davison consistently ignored. Further, on or about June 13, 2025, during a meeting to exchange business funds and a box of peaches, Davison deliberately

8

rubbed his hand on Plaintiff's left breast. Again, on August 5, 2025, Davison used a greeting hug as a pretext to once more rub his hand across her breast.

Throughout this period, Davison leveraged his financial power and professional influence to demand sexual favors in exchange for business funding, eventually issuing an ultimatum that she should not call him until she was "ready to have some fun". As a proximate result of the assaults and relentless harassment, Plaintiff has suffered damages.

Plaintiff's harm arises as a result of conduct that violates several sections of the Texas Penal Code, including:

(1) Section 22.01(a)(3), Penal Code (assault);

(2) Section 22.012, Penal Code (indecent assault); and

(3) Section 42.07, Penal Code (harassment).

Thus, in addition to actual damages, Plaintiff seeks punitive damages, and such damages are not subject to capping.

## B. NEGLIGENCE AND GROSS NEGLIGENCE: DAVISON AND GENESIS

Plaintiff hereby incorporates by reference the paragraphs above as if fully set forth herein.

Plaintiff firmly believes and has pleaded that Defendants Davison and Genesis's conduct as described was intentional. If it is found otherwise, in the alternative, Plaintiff alleges that Davison's conduct, while being a Director of Genesis and during the scope of his Directorship, was unreasonable and thus negligent and grossly negligent. Defendant Davison, as an agent and Director of Genesis, owed Plaintiff the duty of reasonable care.

Further, in addition to being vicariously liable for Davison's conduct, Defendant Genesis is liable for its own actions and inactions. Defendant Genesis had a duty to Plaintiff and breached that duty. The negligence of Defendant Genesis was a proximate cause of Plaintiff's injuries.

9

Defendants breached their duty in at least the following ways:

a. Allowing Davison to assume and maintain a position of power, influence, and control that he would wield over individuals such as Plaintiff despite clear risks associated with his behavior, and knowledge of his prior behavior and complaints;

b. Failing to adopt, enforce, or monitor policies designed to prevent harassment, retaliation, and abuse of authority by senior leadership;

c. Failing to investigate Davison's conduct toward Plaintiff despite clear warning signs;

d. Allowing Genesis's resources, influence, and authority to be used by Davison for personal sexual coercion;

e. Failing to protect Plaintiff from foreseeable harm arising from Davison's misuse of his executive position;

f. Failing to take corrective action once Davison's conduct became known;

g. Creating an environment in which Davison was permitted, or even enabled, to use his position to exploit subordinate professionals;

h. Failing to prevent Davison from assaulting and harassing Plaintiff;

i. Negligently supervising and retaining Davison;

j. Negligently controlling Davison;

k. Failing to properly supervise and control Davison;

l. Failing to address and investigate prior complaints of Davison's inappropriate treatment towards women;

m. Creating an atmosphere where it was acceptable for Davison to seek sexual contact in return for his position as Director of Genesis; and

n. Providing Davison a safe haven so that he could continue his conduct.

Defendants' conduct was a proximate and producing cause of damage to Plaintiff. Further, Defendants' conduct was malicious and grossly negligent. Thus, in addition to actual damages, Plaintiff seeks punitive damages.

10

## C. RESPONDEAT SUPERIOR/VICARIOUS LIABILITY: GENESIS

Plaintiff re-alleges each allegation above as if fully incorporated herein. Defendant Genesis is vicariously liable for Davison's conduct under the doctrine of respondeat superior. Davison committed the actions described herein while acting as:

- Director of Genesis;

- An individual authorized to act on behalf of Genesis in matters related to economic development, oil and gas construction and extraction, specifically to advance the interests of Genesis Energy; and

- Someone ostensibly advancing business deals for Genesis and using that position to attempt to obtain sexual favors.

Davison's role in Genesis placed him in a position of authority, influence, and control directly tied to the business operations and objectives of Genesis. His conduct which includes harassment, coercion, and misuse of power, was enabled by and executed through the authority the Genesis vested in him. As such, Defendant Genesis is liable for Davison's misconduct.

## VIII. DAMAGES

As a direct and proximate result of Defendants' acts and omissions described above, Plaintiff has incurred the following damages:

a. Conscious physical and mental pain and suffering, and anguish, past and future;

b. Loss of enjoyment of life and peace of mind, past and future;

c. Reasonable and necessary medical, counseling, psychiatric, therapeutic and related expenses, past and future;

d. Damage to reputation and credibility within her professional community;

e. Damage to reputation and credibility within her local personal community;

f. Loss of earning capacity, including diminished future opportunities, reduced visibility in her field, and loss of professional relationships;

g. Past and future economic loss, including lost business opportunities and financial harm arising from Defendants' conduct;

h. Injury and damages to her career and professional standing, including the loss of partnerships, clients, and contracts that Plaintiff reasonably expected to secure; and

i. Such other damages that will be shown at trial, all of which not less than $30,000,000.

Plaintiff seeks any and all damages to which she may be entitled. As stated, *Plaintiff also seeks exemplary damages* to deter such conduct going forward, and to make an example of these Defendants.

## IX. NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that she intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants will produce, or have produced, in responseto Plaintiff's written discovery requests or in Defendants' disclosures.

## X. REQUEST FOR JURY TRIAL

Plaintiff respectfully demands a jury trial and hereby tenders the appropriate fee.

## XI. PRESERVATION OF EVIDENCE

Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incidents made the basis of this lawsuit, including but not limited to communications, electronic data, mapping data, and location data.

## XII. PRAYER

By reason of all the above and foregoing, Plaintiff is entitled to recover from Defendants for the damages set forth in this petition, within the jurisdictional limits of this Court. As required by Rule 47, Plaintiff also seeks punitive damages consistent with Tex. R. Civ. Proc. 47(c)(3). Plaintiff also seeks pre and post-judgment interest at the maximum legal rate, costs of court, and

12

any other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

### THE BUZBEE LAW FIRM

*/s/: Anthony G. Buzbee*

Anthony G. Buzbee
State Bar No. 24001820
Thomas Colby Holler
State Bar No. 24126898
Hall Sasnett
State Bar No. 24131025
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Phone: (713) 223-5393
Facsimile: (713) 223-5909
tbuzbee@txattorneys.com
choller@txattorneys.com
hsasnett@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Anthony Buzbee on behalf of Anthony Buzbee
Bar No. 24001820
efiling@txattorneys.com
Envelope ID: 112546217
Filing Code Description: Petition
Filing Description: PLAINTIFFS ORIGINAL PETITION
Status as of 3/18/2026 9:50 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| HALL SASNETT | | hsasnett@txattorneys.com | 3/17/2026 9:54:01 PM | SENT |
| Colby Holler | | CHoller@txattorneys.com | 3/17/2026 9:54:01 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 3/17/2026 9:54:01 PM | SENT |
| The Buzbee Law Firm - | | efiling@txattorneys.com | 3/17/2026 9:54:01 PM | SENT |